**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-50265 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-01099-LAB |
| v. | |
| JESUS ESCOBOZA-SOTO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, Chief Judge, Presiding

Submitted February 19, 2019[**]

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Jesus Escoboza-Soto appeals from the district court's judgment and challenges the 33-month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Escoboza-Soto contends that the district court erred by granting only a one-level fast-track departure under U.S.S.G. § 5K3.1, rather than the four-level departure requested by the parties, and imposing a sentence at the low end of the resulting Guidelines calculation. "In analyzing challenges to a court's upward and downward departures to a specific offense characteristic or other adjustment under Section 5K, we do not evaluate them for procedural correctness, but rather, as part of a sentence's substantive reasonableness." *United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011). The district court did not abuse its discretion in imposing Escoboza-Soto's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 33-month sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances articulated by the district court, including Escoboza-Soto's serious criminal history, numerous prior deportations, and failure to be deterred despite receiving a fast-track departure for a previous illegal reentry offense. *See Gall*, 552 U.S. at 51.

**AFFIRMED**.